IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JASON STASKO,** | : | **Civil No. 1:12-CV-1156** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **JUDGE SYLVIA H. RAMBO** |
| | : | |
| **LEBANON COUNTY DRUG TASK** | : | |
| **FORCE; SGT. BRETT HOPKINS;** | : | |
| **DET. RYAN MONG; and** | : | |
| **DET. ADAM SAUL,** | : | |
| | : | |
| **Defendants** | : | |

## M E M O R A N D U M

In this Section 1983 civil rights action arising out of the alleged seizure of his vehicle, Plaintiff has sued several law enforcement officers and the Lebanon County Drug Task Force ("Defendant Task Force"). Plaintiff alleges that the individual officers, each of whom was a member of Defendant Task Force, unlawfully seized his vehicle in connection with a criminal investigation. Presently before the court is Defendants' motion to dismiss (Doc. 16), wherein Defendants contend that Plaintiff has failed to state a valid claim pursuant to Section 1983. For the reasons that follow, the motion to dismiss will be granted.

## I.        Background

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). However, "in cases where a *pro se* plaintiff is faced with a motion to dismiss, it is appropriate for the court to consider materials outside of the complaint to the extent they 'are consistent with the

allegations in the complaint.'" *Bush v. City of Phila.*, 367 F. Supp. 2d 722, 725-26 (E.D. Pa. 2005) (quoting *Donhauser v. Goord*, 314 F. Supp. 2d 119, 121 (N.D.N.Y. 2004)). Consistent with the court's responsibility to construe *pro se* complaints liberally, the court will consider the following public records for the purpose of deciding Defendants' motion to dismiss: (1) the complaint (Doc. 1); (2) the Police Criminal Complaint (No. 10-372) attached as an exhibit to Defendants' motion (Doc. 17-1); and (3) the docket sheet (Docket No. CP-38-CR-115-2011) attached as an exhibit to Defendants' motion (Doc. 17-2). To the extent the court refers to the Central Booking Center Property Log and the Police Request for Removal of Abandoned Vehicle Form, both of which are attached to Defendants' motion (Docs. 17-3 and 17-4, respectively), the court does so solely for the purposes of conveying a complete factual picture and in an attempt to liberally construe and accurately discern the causes of action asserted in the otherwise deficient *pro se* complaint. Although the inferences deducible from the Central Booking Center Property Log and the Police Request for Removal of Abandoned Vehicle Form are consistent with Plaintiff's factual allegations, any references to those two documents are ultimately unnecessary for the court to reach its holding, and are included herein only to ensure the court's construction will "do substantial justice" to Plaintiff's claims. *See Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (citations omitted) ("Courts are to construe complaints so 'as to do substantial justice . . . keeping in mind that *pro se* complaints in particular should be construed liberally"). Accordingly, reference to these documents will not require the court to convert this motion to dismiss into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d).

2

A.    <u>Facts</u>[1]

On November 26, 2010,[2] Defendants Detective Adam Saul ("Defendant Saul"), Detective Ryan Mong ("Defendant Mong"), and Sergeant Brett Hopkins ("Defendant Hopkins") (*see* Doc. 17-1, p. 5 of 5), effectuated a vehicle stop upon a 1990 Ford Bronco, being operated by Plaintiff, Jason Stasko, after a passenger in the vehicle sold cocaine to Defendant Hopkins (*See* Doc. 1, Compl., at ¶ IV(1)). Following the traffic stop, which occurred around 46 North 9th Street, Lebanon, Pennsylvania (Doc. 17-1, p. 5 of 5), Defendant Mong asked Plaintiff for permission to pull the vehicle off the road to a parking lot.  (Doc. 1, ¶ IV(2).)  Defendant Hopkins stated that he was seizing the vehicle.  (*Id.*, ¶ IV(3).)  According to Plaintiff, Defendant Hopkins provided the following explanation as to the vehicle's seizure: "[Plaintiff] was captain of the ship so now [Plaintiff's Ford] Bronco and everything in it was now [Defendant Hopkins's] because [Plaintiff] should know what is in [the vehicle]. . . ."  (*Id.*)  Presumably, Plaintiff gave permission to Defendant Mong to remove the vehicle from the roadway (*see id.*, ¶ IV (2); *see also* Doc. 17-4), and the vehicle was apparently moved to the parking lot of the Fulton Bank branch at 555

---

[1] In accordance with the standard of review for a motion to dismiss, Plaintiff's complaint can only be dismissed "if it 'appears to a certainty that no relief could be granted under any set of facts which could be proved.'" *Montanez v. Beard*, 344 F. App'x 833, 834 (3d Cir. 2009) (quoting *D.P. Enters., Inc. v. Bucks Cnty. Cmty. Coll.*, 725 F.2d 943, 944 (3d Cir. 1984)).  Moreover, the court must accept all material allegations in the complaint as true and construe the complaint in the light most favorable to the plaintiff. *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

[2] Any indication of temporality is virtually absent from Plaintiff's complaint.  *But cf. Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980) (ruling that a civil rights complaint is adequate where it states time, place, and persons responsible). The dates referenced herein are based on documents attached to Defendants' motion to dismiss, which are either public records or undisputedly authentic documents upon which Plaintiff's claim is based. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

3

Willow Street, Lebanon, Pennsylvania (*see* Doc. 17-4). Following the encounter, Plaintiff was placed under arrest, and subsequently booked, at which time his key ring was taken by the booking agent, as reflected in the property log. (*See* Doc. 17-3.) From these events, Plaintiff was accused of acting as an accomplice in the sale of drugs to an undercover police officer. (*See* Doc. 17-2.) Following a negotiated guilty plea, Defendant was sentenced to undergo a period of incarceration of two to four years. (Doc. 17-2, p. 5 of 17.)[3]

As alleged in the complaint, a friend of Plaintiff had called the Lebanon Police Department to inquire about the location of the vehicle while Plaintiff was incarcerated at the Lebanon County Correctional Facility. (Doc. 1, ¶ 1.) Plaintiff alleges that his friend was informed that the vehicle was "under investigation," and therefore, "no one [could] go near it." (*Id.*)

On January 5, 2011, the owner of the parking lot filed a Police Request for Removal of Abandoned Vehicle. (Doc. 17-4.) The form lists, *inter alia*: (1) the vehicle identification number; (2) the vehicle's title number; (3) the vehicle's license plate number; and (4) Plaintiff as the last registered owner of the vehicle and a street address. (*Id.*) Additionally, the form indicates that "[t]he notice was secured to vehicle (The vehicle has no identifiable registration plate)." (Doc. 17-4.)

In his prayer for relief, Plaintiff requests the court to: (1) inform him "why members of Drug Task force do not have to go to court when they are subpoenaed, and also get no [warrants] issued for them like any other person would"; (2) "return property from inside [the vehicle] and, also the [vehicle] that got towed

---

[3] Plaintiff avers that "all charges got dismissed." (Doc. 1, ¶ V(2).) Based on the public records, this averment appears to be a misstatement. (Doc. 17-2, pp. 4-5 of 17 (Docket)); *see also Commonwealth v. Stasko*, Crim. Term, CP-38-CR-115-2011 (Leb. Cnty. Ct. Com. Pl., Sept. 28, 2011).

4

[and] also [the] cell phone that got seized due to false information that was told to plaintiff[.] Also all charges got dismissed so where is my property?"; and (3) award to him compensatory damages for all lost property. (Doc. 1, ¶ V(1)-(3).)

Based upon a fair reading of Plaintiff's complaint, and construing the pleading in a liberal manner "as to do justice" as required by Federal Rule of Civil Procedure 8(e), the court interprets Plaintiff's claim to be most likely asserted pursuant to Section 1983 arising from the deprivation of his property in violation of his procedural due process rights protected by the Fourteenth Amendment and his right to be free from unreasonable seizures under the Fourth Amendment.

Defendants' motion to dismiss argues that: (1) Plaintiff's complaint should be dismissed as to Defendant Saul for failing to allege how Defendant Saul was involved in any such deprivation; (2) Plaintiff's complaint should be dismissed as to Defendant Task Force because Defendant Task Force is not a proper defendant; and (3) Plaintiff's complaint should be dismissed for failing to plead the deprivation of a federal right, and thus fails to state a cause of action under Section 1983. Alternatively, the motion argues that Plaintiff's claims against Defendants Hopkins, Mong, and Saul should be dismissed on qualified immunity grounds. The arguments raised in the motion will be addressed *ad seriatim.*

### B.   Procedural History

Proceeding in this matter *pro se*, Plaintiff, Jason Stasko, filed his complaint commencing this civil action on June 18, 2012. (Doc. 1.) Pursuant to the court's July 12, 2012 order granting Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 8), the Clerk of Courts issued a summons to the named Defendants, the receipt of which was acknowledged by Defendants' attorney on August 15, 2012

5

(Doc. 14).  On September 17, 2012, Defendants filed a motion to dismiss (Doc. 16) and brief in support (Doc. 17).  Having received no response to the motion from Plaintiff as of October 17, 2012, the court issued an order directing Plaintiff to show cause why Defendants' motion to dismiss should not be deemed unopposed.  (Doc. 20.)  Plaintiff was directed to respond to this order by October 31, 2012.  (*Id*.)

Notwithstanding the court's direction, Plaintiff failed to submit a brief in opposition to Defendants' motion or submit a response to the October 17, 2012 order.  On November 2, 2012, the court received a document from Plaintiff, which was sent via United States First Class Mail directly to chambers and titled "Motion For Continuance."  (Doc. 23.)  The motion, which was opposed by Defendants (Doc. 25), was denied on November 13, 2012.  (Doc. 26.)  Thus, Defendants' motion is deemed unopposed and, as the period for briefing has concluded, the matter is ripe for disposition.

## II.　　　　**Legal Standard**

Defendants' motion challenges Plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Rule 12(b)(6) provides for the dismissal of claims that fail to assert a basis upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  When adjudicating a motion to dismiss for failure to state a claim, the court must view all the allegations and facts in the complaint in the light most favorable to the plaintiff, and must grant the plaintiff the benefit of all reasonable inferences that can be derived therefrom.  *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007) (quoting *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005)).  However, the court need not accept inferences or conclusory allegations that are unsupported

by the facts set forth in the complaint. *See Reuben v. U.S. Airways, Inc.*, Civ. No. 12-2842, 2012 WL 4513236, * 1 (3d Cir. Oct. 3, 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (stating that district courts "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions"). When addressing a motion to dismiss, the court may only consider the facts alleged in the complaint, any documents attached to the complaint as exhibits, matters of public record, documents integral to or explicitly relied upon in the complaint, undisputedly authentic documents that a defendant attaches as an exhibit to its motion if plaintiff's claims are based on the documents, and matters about which the court may take judicial notice. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

Ultimately, the court must determine whether the facts alleged are sufficient to show that the plaintiff has a "plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The "plausibility standard" requires "more than a sheer possibility" that a defendant is liable for the alleged misconduct. *Reuben*, Civ. No. 12-2842, 2012 WL 4513236 at * 1 (citing *Iqbal*, 556 U.S. at 678). The complaint must do more than allege the plaintiff's entitlement to relief; it must "show such an entitlement with its facts." *Steedley v. McBride*, 446 F. App'x 424, 425 (3d Cir. 2011) (citing *Fowler*, 578 F.3d at 211). As the Supreme Court instructed in *Iqbal*, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alterations in original). "Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In *Santiago v. Warminster Twp.*, 629 F.3d 121, 129-30 (3d Cir. 2010), the Third Circuit applied the principles of *Iqbal* and *Twombly* and set forth a three-part analysis that a district court in this Circuit must conduct in evaluating whether allegations in a complaint survive a Rule 12(b)(6) motion to dismiss. Under the test set forth in *Santiago*, the district court must initially "take note of the elements a plaintiff must plead to state a claim." *Id.* at 130. Next, the court should identify allegations that "are no more than conclusions" and thus, "not entitled to the assumption of truth." *Id.* Lastly, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.*

## III.      Discussion

The court interprets Plaintiff's complaint to be one purporting to state a Section 1983 cause of action for a violation of his Fourteenth Amendment right to procedural due process and Fourth Amendment right to be free from unreasonable seizures as a result of the "seizure" of his vehicle. Defendants' motion argues that Plaintiff's amended complaint does not properly plead facts that sufficiently establish a claim upon which relief may be granted.

As Plaintiff brings his claims pursuant to Section 1983, the court will briefly address the law as it pertains to that statute. Section 1983 of Title 42 of the United States Code offers private citizens a means to redress violations of federal

law committed by state officials.  *See* 42 U.S.C. § 1983.  The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

*Id.*  "Section 1983 is not a source of substantive rights, but merely a method to vindicate violations of federal law committed by state actors." *Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002)).  To establish a claim under this section, a plaintiff must demonstrate that (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States.  *Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).  Defendants' motion does not challenge whether Defendants were acting "under color of state law" when his vehicle was "seized."  Thus, whether Plaintiff's Section 1983 claim can survive the instant motion depends upon whether he has adequately pled facts to satisfy the second element of the claim.

### A.    Claims asserted against Defendant Saul

In the instant action, Plaintiff names Detective Saul as a defendant. Defendants contend that the facts alleged do not establish that Defendant Saul was in any way involved with the events that form the basis of Plaintiff's complaint.  For

the following reasons, the court agrees with Defendants, and Defendant Saul will be dismissed from the action.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation. *See Santiago*, 629 F.3d at 128-29; *Iqbal*, 556 U.S. at 693 ("[E]ach Government official . . . is only liable for his or her own misconduct"). Accordingly, liability under Section 1983 may only be based upon a defendant's personal involvement amounting to a constitutional violation. *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976). "Liability may not be imposed under Section 1983 on the principle of respondeat superior." *Hetzel v. Swartz*, 909 F. Supp. 261, 264 (M.D. Pa. 1995) (citing *Hampton*, 546 F.2d at 1082). Therefore, to survive a Rule 12(b)(6) motion, the complaint must contain averments establishing each defendant's involvement in the conduct that caused a violation of Plaintiff's constitutional rights. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

Defendant Saul's name does not appear once in the complaint other than in the caption.[4] Plaintiff has not alleged facts in his complaint from which it can reasonably be inferred that Defendant Saul's personal conduct violated his constitutional rights. Because the complaint does not allege facts sufficient to show that Plaintiff has a "plausible claim for relief" for a Section 1983 claim against Defendant Saul, any claim asserted against Defendant Saul will be dismissed.

---

[4] However, Defendant Saul is an affiant listed on the Affidavit of Probable Cause related to the criminal complaint filed against Plaintiff. (Doc. 17-1.)

**B.**     <u>Claims asserted against Defendant Task Force</u>

The Lebanon County Drug Task Force is a law enforcement branch and subunit of Lebanon County.  Subunits of local governments are not persons amendable to suit under 42 U.S.C. § 1983.  *See Martin v. Red Lion Police Dep't*, 146 F. App'x 558, 562 n. 3 (3d Cir. 2005); Open Inns, Ltd. V. Chester Cnty Sheriff's Dep't, 24 F. Supp. 2d 410, 417 n. 13 (E.D. Pa. 1998) (dismissing county sheriff department from Section 1983 action as a county subunit not amenable to suit); *Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993) (holding that a municipal police department, without an identity separate from the municipality of which it is a part, is not a proper defendant in a § 1983 action).  Accordingly, the complaint fails to state a claim upon which relief may be granted against Defendant Task Force, and Defendant Task Force will be dismissed.          To the extent Plaintiff intended to name Lebanon County, the complaint nevertheless fails to state a claim upon which relief may be granted.  A local government cannot be held liable for the unconstitutional acts of its employees on a theory of respondeat superior. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978) ("[A] municipality cannot be held liable *solely* because it employs a tortfeasor . . . [or] on a respondeat superior theory" (emphasis in original)).  However, "the government as an entity is responsible under § 1983" when it "caused" the plaintiff's injury; that is, "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury."  *Kokinda v. Breiner*, 557 F. Supp. 2d 581, 590 (M.D. Pa. 2008) (citing *Monell*, 436 U.S. at 694).  To state a claim against a municipality based on 42 U.S.C. § 1983, "the alleged constitutional violation must carry out either an official policy

or a custom so 'well-settled as to virtually constitute law.'" *Peterson v. City of Uniontown*, 441 F. App'x 62, 63 (3d Cir. 2011) (citing *McTernan v. City of York*, 564 F.3d 636, 657-58 (3d Cir. 2009)).  To survive a motion to dismiss, the plaintiff must allege that a "policy or custom of the defendants was the moving force behind the constitutional violation." *Brown v. Culp*, Civ. No. 11-1734, 2011 WL 6003900, *9 (M.D. Pa. Oct. 27, 2011) (citing *Kokinda*, 557 F. Supp. 2d at 587); *see also Peterson*, 441 F. App'x at 63 (citing *Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992)).

Assuming *arguendo* that Plaintiff adequately set forth a claim for a constitutional violation cognizable under Section 1983 as to the individual officers, Plaintiff does not establish why Defendant Task Force, or Lebanon County had it been named a defendant, is responsible for the alleged constitutional violations. Although there is no requirement at the pleading stage for Plaintiff to identify a specific policy to survive a motion to dismiss, *Carter v. City of Phila.*, 181 F.3d 339, 357-58 (3d Cir. 1999), Plaintiff entirely fails to allege that any unconstitutional policy or custom was the moving force behind the alleged infringement of his rights. *See McTernan*, 564 F.3d at 658 (citing *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008)).  Apparently, Plaintiff's claim against Defendant Task Force is most likely an attempt to assert a claim arising out of a theory of vicarious liability or respondeat superior. *See Monell*, 436 U.S. at 691.  Liability on either theory is inactionable based on the facts alleged.  Thus, a claim against Defendant Task Force or Lebanon County cannot proceed based on the complaint as filed.

**C.** **Failure to state a Section 1983 claim against Defendants Mong and Hopkins**

The allegations in Plaintiff's complaint are not a model of clarity and leave much to be desired. Nonetheless, as noted above, this court is bound to give a liberal construction to *pro se* pleadings. Thus, liberally construed, the *pro se* complaint appears to assert a Section 1983 cause of action for a violation of Plaintiff's Fourth Amendment right to be free from unreasonable seizures and Fourteenth Amendment right to procedural due process arising out of the seizure of his vehicle following his arrest. With this construction in mind, the court will address Defendants' motion to dismiss as to Defendants Hopkins and Mong.

**1.** **Right to be free from unreasonable seizures**

A liberal construction of the complaint can be interpreted as asserting a claim based on a violation of the Fourth Amendment's prohibition against unreasonable seizures.[5] The Fourth Amendment protects individuals against unreasonable searches and seizures of property. In order to establish a claim under the Fourth Amendment, a plaintiff must show that the actions of the defendant: (1) constituted a "search" or "seizure"; and (2) were unreasonable in light of the circumstances. *Open Inns, Ltd. v. Chester Cnty. Sheriff's Dep't*, 24 F. Supp. 2d 410, 424 (E.D. Pa. 1998) (citing *Bower v. Cnty. of Inyo*, 489 U.S. 593, 595-600 (1989) (affirming two-fold analysis)). A "seizure" in the context of the Fourth Amendment occurs when "there is some meaningful interference with an individual's possessory interests in that property." *Soldal v. Cook Cnty., Ill.*, 506 U.S. 56, 61 (1992); *Brown*

---

[5] The Fourth Amendment to the United States Constitution, made applicable to the states by the Fourteenth Amendment, provides, in relevant part, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV.

*v. Muhlenberg Twp.*, 269 F.3d 205, 209 (3d Cir. 2001). As to "reasonableness," the Supreme Court has stated that "[t]he test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979); *see also Pearson v. Callahan*, 555 U.S. 223, 237 (2009) ("Fourth Amendment inquiry involves a reasonableness question which is highly idiosyncratic and heavily dependent on the facts"). In determining whether a government seizure violates the Fourth Amendment, the seizure must be examined for its overall reasonableness. *Soldal*, 506 U.S. at 509 ("'[R]easonableness is still the ultimate standard' under the Fourth Amendment"). The analysis must be based upon a careful balancing of governmental and private interests. *See id.*

A fair reading of the complaint indicates that Defendant Mong removed the Ford Bronco from the roadway to a parking lot. This allegation could arguably be construed as establishing a meaningful interference with Plaintiff's possessory interests in his vehicle. However, the court is unable to interpret a single allegation in the complaint to establish that such an interference was unreasonable. The complaint's deficiency in this regard is present regardless of whether Plaintiff granted Defendant Mong permission to remove the Ford Bronco from the roadway. Of course, if Plaintiff gave Defendant Mong permission, the claim would be inadequate for failure to allege a seizure, let alone an unreasonable seizure. Alternatively, assuming that Plaintiff refused to grant Defendant Mong permission, Plaintiff does not – and indeed cannot – allege that the property was seized without probable cause, because Plaintiff was charged with, and subsequently convicted of, the offense which gave rise to the vehicle stop and his arrest. Accordingly, because the complaint fails to show that any "seizure" of his vehicle was unreasonable, a

claim for a violation of Plaintiff's right to be free from unreasonable seizures must fail.

## 2.  Right to procedural due process

A liberal construction of the complaint can also be interpreted as asserting a claim based on a violation of procedural due process protected by the Fourteenth Amendment.  It is well-established that procedural due process protects possessory interests in property.  *Abbott v. Latshaw*, 164 F.3d 141, 146 (3d Cir. 1998) (citations omitted).  Under the Fourteenth Amendment, state actors may not "deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV, § 1.  A procedural due process claim is analyzed under a two-part inquiry: the court must determine whether Plaintiff "was deprived of a protected interest, and if so, what process was … due."  *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982); *see also Ruiz v. New Garden Twp.*, 376 F.3d 203, 209-10 (3d Cir. 2004) (citing *Kovats v. Rutgers*, 749 F.2d 1041, 1047 (3d Cir. 1984)).  Only upon a finding of a protected interest does the court inquire into whether the deprivation was without due process.  *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000); *Cospito v. Heckler*, 742 F.2d 72, 80 (3d Cir. 1984).  The second prong bars a Section 1983 suit if a constitutionally adequate state process was available but not used.  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding that to maintain an action for intentional or negligent deprivation of property under Section 1983, a plaintiff must show that the defendant acted under color of state law and that the plaintiff has no adequate post-deprivation state remedy to redress the wrong); *Parratt v. Taylor*, 451 U.S. 527, 541-42 (1981); *see also Revell v. Port Authority of N.Y. & N.J.*, 598 F.3d 128, 139 (3d Cir. 2010).

15

The court will assume for the disposition of Defendants' motion that Plaintiff has a protected property interest in the Ford Bronco.[6] Therefore, the inquiry focuses on the process he was due.

In order to determine whether a person has been deprived of property without due process, "it is necessary to ask what process the state provided, and whether it was constitutionally adequate." *Zinermon*, 494 U.S. at 126. "This inquiry . . . examine[s] the procedural safeguards built into the statutory or administrative procedure of effecting the deprivation, and any remedies for erroneous deprivation provided by statute or tort law." *Id*. In this regard, a state tort action may be an adequate remedy for a plaintiff aggrieved by a state actor's negligent or intentional actions. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1981).

In *Revell*, the plaintiff sued a Port Authority police officer under Section 1983 for allegedly retaining his personal property without affording the plaintiff procedural due process after criminal charges filed against him had been dismissed. The Third Circuit affirmed dismissal of the procedural due process claim on the basis of a constitutionally adequate state process:

> [Plaintiff] cannot prevail on his due process claim if the state's post-deprivation procedures, including state tort remedies, are adequate. He has failed to explain why New Jersey's state procedures to recover wrongfully seized property, such as the ability to move in the criminal action for return of his property or the ability to file a separate action for a writ of replevin are insufficient.

*Revell*, 598 F.3d at 139 (citations and footnote omitted).

---

[6] Although Plaintiff's complaint alleges that the vehicle was "my [(Plaintiff's)] [B]ronco" (Doc. 1, ¶¶ IV (1), (3)), it does not directly assert that he had a protected property interest in the vehicle. However, Plaintiff's ownership of the Ford Bronco is a reasonable inference from the complaint based, in part, upon the Police Request for Removal of Abandoned Vehicle Form, attached to Defendants' motion to dismiss. (Doc. 17-4.)

A fair reading of the complaint indicates that the Ford Bronco was removed from the roadway to a parking lot. Plaintiff alleges that "[he] had a friend call Lebanon Police Department and ask about [his vehicle] at which time [Plaintiff's friend] was told [the vehicle] was under investigation so no one [could] go near it." (Doc. 1, ¶ IV(1).) Assuming the veracity of this interaction between the Lebanon Police Department and Plaintiff's unidentified friend, Plaintiff has available procedures through which he can regain possession of his property following the conclusion of the investigation. Specifically, if the vehicle was seized for purposes of an investigation in connection with the criminal offenses with which Plaintiff was charged, the Pennsylvania Rules of Criminal Procedure makes available an adequate process through which Plaintiff can regain possession of his seized property. *See Krause v. Passaro*, Civ. No. 03-505, 2005 WL 2300356, *4 (M.D. Pa. Sept. 21, 2005). Specifically, Rule 588 provides, in relevant part, as follows:

> (A) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he or she is entitled to lawful possession thereof. Such a motion shall be filed in the court of common pleas for the judicial district in which the property was seized.

Pa. R. Crim. P. 588. This procedure exists for Plaintiff's use and provides an adequate post-deprivation remedy. Thus, to the extent the vehicle was seized in connection with the criminal proceedings, the Pennsylvania Rules of Criminal Procedure provide Plaintiff with an adequate legal remedy.

To the extent Plaintiff alleges either Defendant Mong or Hopkins is improperly withholding his vehicle for reasons unrelated to the criminal action, Pennsylvania tort law provides a common law remedy. In Pennsylvania, a plaintiff may assert a civil action for conversion of chattels where there is "[a] deprivation of

17

another's right of property in, or use or possession of, a chattel, or other interference therewith, without the owner's consent and without lawful justification." *Cent. Transp., LLC v. Atlas Towing, Inc.*, Civ. No. 11-7602, 2012 WL 3135511, *10 (E.D. Pa. Aug. 1, 2012) (quoting *Stevenson v. Econ. Bank of Ambridge*, 197 A.2d 721, 726 (Pa. 1964)). Additionally, replevin is an action to recover the possession of personal property and to recover damages incurred as a result of a defendant's illegal detention of a plaintiff's property. *See Fenton v. Balick*, 821 F. Supp. 2d 755, 759 (E.D. Pa. 2011) (citing *Transp. Int'l Pool, Inc. v. United Transp. Carriers*, Civ. No. 02-8163, 2003 WL 1918973, *3 (E.D. Pa. Apr. 21, 2003)).

In short, if Plaintiff believes his vehicle is being improperly withheld pursuant to a seizure in connection with criminal proceedings, a motion for return of property pursuant to Rule 588 is adequate to cause the property to be returned. Insofar as Plaintiff claims that Defendants' retention of his property is a "random and unauthorized act" separate and apart from the criminal investigation, Plaintiff is capable of filing a state law tort action in state court seeking the return of his property. The facts as alleged more appropriately give rise to a civil action rather than a constitutional violation. *See Ford v. Cassella*, Civ. No. 10-3711, 2011 WL 3203285, *4 (D. N.J. July 27, 2011) (citing *Revell*, 598 F.3d at 139) (dismissing the plaintiff's procedural due process claim on the basis that the plaintiff can file a motion for return of property pursuant to a state rule of criminal procedure or bring a replevin proceeding); *see also Muhlenberg Twp.*, 269 F.3d at 214 (finding that a Pennsylvania state law conversion claim was a post-deprivation remedy); *Lewis v. Heckler*, Civ. No. 11-6492, 2012 WL 1646862, *3 (E.D. Pa. May 10, 2012) ("In Pennsylvania, there are post[-]deprivation remedies pertaining to seizures of property

18

that have been deemed meaningful for purpose of alleged violations of the Fourteenth Amendment"); *Marsh v. Ladd*, Civ. No. 03-5977, 2004 WL 2441088, *7 (E.D. Pa. Oct. 27, 2004) ("Plaintiff has an adequate state post-deprivation remedy in her state law claims for replevin and conversion").

Additionally, based on the Police Request for Removal of Abandoned Vehicle Form attached as an exhibit to Defendants' motion, it appears Plaintiff's vehicle may have been removed from the Fulton Bank parking lot pursuant to the Pennsylvania Vehicle Code. While Plaintiff may have a property right to his vehicle, he has no federal right to store his vehicle on a private lot.[7] To the extent Plaintiff challenges the removal of his vehicle from the Fulton Bank parking lot, Pennsylvania law permits removal of a vehicle by or at the direction of a law enforcement officer. *See* 75 Pa. Cons. Stat. § 3352.

Thus, to succeed on a Section 1983 procedural due process claim, it appears that Plaintiff would have to argue that the notice requirements imposed by the Pennsylvania Vehicle Code are constitutionally inadequate because they fail to provide owners of abandoned cars parked on private lots sufficient notice that their vehicles will be removed.[8] Whatever the merits of this theory, the complaint lacks

---

[7] Plaintiff's complaint does not allege that he owned the private lot to which his vehicle was moved or that his vehicle was moved there with permission.

[8] In *Barshinger v. Buffington*, the court noted in dicta that the plaintiff's procedural due process claim arising from the removal of cars from his property without prior notice would fail because:

> Pennsylvania law provides that all municipal agencies must provide a hearing whenever a municipality renders a final decision affecting property rights . . . and offers the opportunity for a hearing before a vehicle is finally declared abandoned.

Civ. No. 03-0506, 2004 WL 3607974, *10 n. 4 (M.D. Pa. June 10, 2004) (citations omitted).

any indication that Plaintiff challenges the sufficiency of the Pennsylvania Vehicle Code's notice requirements. Indeed, interpreting the complaint to assert a procedural due process claim based upon inadequate notice would require the court to give a tortured construction to the allegations contained therein.[9] Such a construction is inappropriate even in the context of addressing a motion to dismiss a *pro se* complaint.

Accordingly, because the complaint fails to establish an unreasonable seizure, and because state law procedures and remedies exist for Plaintiff's use which provide adequate means for Plaintiff to seek possession of his property, and as the court does not interpret Plaintiff's complaint as one challenging the constitutional adequacy of the notice requirements set forth in the Pennsylvania Vehicle Code, the court will dismiss Plaintiff's Section 1983 claim. The court declines to exercise supplemental jurisdiction over any state law claims that Plaintiff may have against Defendants. *See* 28 U.S.C. § 1367(c)(3); *Montilla v. Prison Health Servs., Inc.*, 457 F. App'x 212, 214 (3d Cir. 2012) (citing *Figueroa v. Buccaneer Hotel, Inc.*, 188 F.3d 172, 181 (3d Cir. 1999)). However, "a district court must permit a curative amendment unless an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 236. Because Plaintiff's description of the circumstances surrounding the "seizure" of his vehicle and his subsequent inability to regain possession thereof is so threadbare, the court cannot conclude that amendment would necessarily be futile. Therefore, the court will permit Plaintiff to amend his complaint. If Plaintiff chooses

---

[9] The court questions whether such a claim asserted against Defendants Hopkins and Mong could survive a motion to dismiss raising qualified immunity. However, because Defendants assert qualified immunity only in the alternative, the court does not reach the issue because the complaint will be dismissed on the basis of failure to state a claim.

to file an amended complaint, he is advised to provide a more definite statement of the factual circumstances related to his inability to regain possession of his vehicle in compliance with the Federal Rules of Civil Procedure.

**IV.** **Conclusion**

A Section 1983 action cannot be asserted on the basis of indirect liability. Because Plaintiff's complaint is devoid of any mention of Defendant Saul, Defendant Saul will be dismissed from the action. As the Lebanon County Drug Task Force is neither a person amenable to suit under Section 1983 nor exposed to liability on the basis of respondeat superior, and because Plaintiff does not allege that a policy or custom was the moving force behind the alleged deprivation of his property, Defendant Task Force will be dismissed from the action. Lastly, because the court does not interpret Plaintiff's complaint as challenging the constitutional adequacy of the notice requirements set forth in the Pennsylvania Vehicle Code, and because state law procedures and remedies exist for Plaintiff's use which provide an adequate means for Plaintiff to seek possession of his property, the court will dismiss Plaintiff's Section 1983 claim as to the remaining Defendants. Therefore, for the foregoing reasons, Plaintiff's complaint will dismissed in its entirety.

An appropriate order will issue.

                                    s/Sylvia H. Rambo
                                    United States District Judge
Dated: December 17, 2012.